# Neyman *v.* Alabama Great Southern Railroad Co.

## *Injury to Servant.*

(Decided January 18, 1912. 57 South. 435.)

1. *Evidence; Expert; Competency; Determination and Discretion.* —The determination of whether or not a witness is competent to give expert testimony is usually within the determination and discretion of the trial court, and hence, when a witness testifies that he had been in railroad work since a boy, and four years in the transportation department, and was familiar with the handling of cars though he had never had charge of a train or run an engine, and probably could not run an engine and cars with safety, it was competent for the court to decline to permit him to state to the jury whether it was safe to couple an engine to a caboose and to explain the proper manner of handling an engine and cars.

2. *Same; Documentary Evidence; Identification.*—Where a witness described a railroad pass and the conductor testified that the deceased told him that he had that particular pass, and that he took his word for it, and let him proceed without seeing it, the pass was admissible in evidence.

3. *Same; Res Gestae.*—Where the action was for a wrongful death and the intestate had been permitted to ride on a pass, a question to a witness as to whether the conductor was trying to find intestate's pass after the accident had happened was neither material, nor was it a part of the res gestae; the question was also objectionable as calling for a conclusion.

APPEAL from Birmingham City Court.

Heard before Hon. J. C. B. GWIN.

Action by Benton H. Neyman, as administrator, against the Alabama Great Southern Railway Company, for damages for the death of his intestate. Judgment for defendant and plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority. Counsel insist that under the facts intestate was a passenger and riding by permission of the conductor, or that at least it was a question for the

jury.—*Holmes v. B'ham Southern,* 140 Ala. 208; *A. G. S. v. Yarbrough,* 83 Ala. 241. The court erred in declining to submit the case to the jury.—*Pinckard's case,* 124 Ala. 374; *A. G. S. v. Hanbury,* 161 Ala. 378.

A. G. & E. D. SMITH, for appellee. Counsel discuss assignments of error relative to evidence, but without citation of authority, except to the proposition that it was not competent for the witness to state whether the conductor was looking for Mr. Bernard's pass.—*R. R. Co. v. Maples,* 63 Ala. 601; *Rickerts v. R. R. Co.,* 85 Ala. 600; *R. R. Co. v. Carl,* 91 Ala. 271. The defendant was entitled to the affirmative charge.—*Neyman v. A. G. S.,* 55 South. 509. This being true, any other errors were without injury.—*Chambers v. Lindsey,* 55 South. 150.

SIMPSON, J.—This is the second appeal in this case (172 Ala. 606, 55 South. 509), and it is stated by counsel for both appellant and appellee that the evidence on this trial is the same as that given on the first trial.

The first assignment of error insisted on is to the action of the court sustaining objections to the question to the witness Parr: "Tell the jury whether or not it was a safe thing to do, to couple that engine on to their caboose." The witness is a flagman, and while he stated in his examination in chief that he had been in the railroad business since a boy, in the transportation department for four years, and familiar with handling cars, yet on cross-examination he stated that he had never had charge of a train, never ran an engine, that he did not know how, and could not run an engine and cars with safety. The court, in the exercise of the discretion which it has in regard to the admission of expert testimony, did not err in sustaining said objections.

For the same reasons, there was no error in sustaining the objection to the further question to said witness to explain the proper manner of handling the train and engine.

There was no error in overruling the objection to the introduction of the pass in evidence. The pass had been described by other witnesses as "M 42," and the conductor—Suddeth, had testified that the intestate told him he had that pass, and that he took his word for it and let him proceed, without seeing the pass.

There was no error in sustaining the objection to the question to the witness B. H. Neyman as to whether the conductor, Suddeth, "was trying to find Bernard's pass" after the accident had happened, as it was immaterial, not part of the res gestæ, and, even if otherwise unobjectionable, the question should have asked for facts, from which the jury could say what he was "trying" to do.

After a re-examination of the evidence in this case, and considering the arguments of appellant, we see no reason for overruling the former decision of this court to the effect that the general charge was properly given in favor of the defendant.

The judgment of the court is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.